# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2008

Charles R. Fulbruge III
Clerk

No. 08-50203
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ENRIQUE INFANTE-RAMIREZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2213-ALL

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Enrique Infante-Ramirez (Infante) appeals from the sentence imposed for his guilty plea conviction for illegal reentry following deportation. Infante was sentenced at the bottom of his advisory sentencing guidelines range to a 41-month term of imprisonment. He contends in light of his personal circumstances and the circumstances surrounding his offense that his sentence is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decision for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Infante argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Infante contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2(b), the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the Kimbrough decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the

applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert. denied, ___ S. Ct. ___, 2008 WL 3996218 (Oct. 6, 2008) (No. 08-5988), which involved a similar challenge to § 2L1.2.

The appellate presumption is therefore applicable in this case. The district court heard Infante's arguments for a non-guidelines sentence based on his particular circumstances and concluded that a sentence within the guidelines range was appropriate in light of those considerations. Infante has not demonstrated that his sentence was an abuse of discretion by the district court. See Rita, 127 S. Ct. at 2469 (holding that a sentencing judge, who had listened to the defendant's arguments in support of a below-guidelines sentence, provided sufficient explanation for rejecting those arguments when he found that the defendant's circumstances were insufficient to warrant a sentence lower than the guidelines range); Alonzo, 435 F.3d at 554. Accordingly, the judgment of the district court is AFFIRMED.